# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 7 Case** |
| **FRANK A. SANTILLI** and ) | |
| **MONICA D. SANTILLI** ) | **Case No. 16-14713** |
| ) | |
| Debtors. ) | **Honorable Jacqueline P. Cox** |
| ) | |
| ) | |
| In re: ) | **Case No. 16-23020** |
| ) | (substantively consolidated into |
| **SANTILLI LAW GROUP, LTD.** ) | Case No. 16-14713) |
| ) | |
| Debtor. ) | **Hearing Date: Wednesday,** |
| ) | **August 31, 2016, at 9:30 a.m.** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **Wednesday, August 31, 2016, at 9:30 a.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox, Room 680, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other Judge sitting in her place or stead, and then and there present the attached **Application of Deborah K. Ebner, Chapter 7 Trustee, to Employ Sal Indomenico as Special Counsel** at which time and place you may appear as you see fit.

Dated: August 23, 2016

**DEBORAH K. EBNER**, Chapter 7 Trustee for Consolidated Estates of Frank A. Santilli, Monica D. Santilli, and Santilli Law Group, Ltd.

By: /s/ Thanhan Nguyen
        One of her attorneys

Lauren Beslow
Travis J. Eliason
Thanhan Nguyen
**QUARLES & BRADY LLP**
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 Case |
| FRANK A. SANTILLI and ) | |
| MONICA D. SANTILLI ) | Case No. 16-14713 |
| ) | |
| Debtors. ) | Honorable Jacqueline P. Cox |
| ) | |
| ) | |
| In re: ) | Case No. 16-23020 |
| ) | (substantively consolidated into |
| SANTILLI LAW GROUP, LTD. ) | Case No. 16-14713) |
| ) | |
| Debtor. ) | Hearing Date: Wednesday, |
| ) | August 31, 2016, at 9:30 a.m. |

**TRUSTEE'S APPLICATION TO EMPLOY SAL
INDOMENICO AS SPECIAL COUNSEL**

Deborah K. Ebner, as Trustee ("**Trustee**") herein, pursuant to 11 U.S.C. Section 327(a) and (e) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, respectfully requests that this Court enter an Order authorizing Trustee to retain and employ Sal Indomenico and the Law Offices of Sal Indomenico & Associates, P.C. as Special Counsel ("**Special Counsel**"). In support of this Application, the Trustee submits the Declaration of Sal Indomenico (the "**Indomenico Declaration**"), which is attached as **Exhibit A**. In further support, the Trustee states:

**JURISDICTION**

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2

4.      The statutory basis for the relief requested herein are 11 U.S.C. § 327(a) and (e) and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

5.      On April 29, 2016, Frank A. Santilli and Monica D. Santilli (collectively, the "**Santillis**") filed a chapter 7 petition to initiate bankruptcy case number 16-14713 (the "**Santillis Case**"), and Deborah K. Ebner was appointed Trustee.

6.      On July 19, 2016, Santilli Law Group, Ltd. ("**Santilli Law**") filed a chapter 7 petition to initiate bankruptcy case number 16-23020 (the "**Santilli Law Case**"), and David P. Leibowitz was appointed Trustee.

7.      On August 4, 2016, the Court in the Santillis Case entered an Order substantively consolidating the estate of Santilli Law with the Santillis' estate. Accordingly, Ms. Ebner is now the Trustee over the assets of the Santillis' estate and the assets of Santilli Law's estate.

8.      The 341 meeting in the Santillis Case was initially held on June 1, 2016, and was adjourned from time to time until July 21, 2016.

9.      The Santillis' schedules indicate that the Santillis have a claim against a former employee of Santilli Law for misappropriation of corporate assets (the "**Lawsuit**"). Schedule A/B, Question No. 33, Dkt. No. 1.

10.      Based upon the 341 meeting in the Santillis Case and the Santillis' schedules, and after discussions with Special Counsel, Trustee has determined that the Lawsuit may provide for a distribution to unsecured creditors. Trustee will have a contingent fee arrangement with Special Counsel and, accordingly, there will be no expenses to the estate if Special Counsel does not prevail in the Lawsuit.

**RELIEF REQUESTED**

11.  Trustee wishes to retain Special Counsel to represent her in the Lawsuit. Special Counsel is duly admitted to practice law in the State of Illinois and in the United States District Court for the Northern District of Illinois, and Special Counsel is qualified to represent Trustee in connection with the Lawsuit.

12.  Special Counsel will be compensated in accordance with the Contingency Fee Contract attached hereto as **Exhibit B**. Special Counsel is to be paid a contingency fee of one-third of any sum recovered, and Special Counsel will advance all costs and expenses, the repayment of which is contingent upon the outcome of the Lawsuit.

13.  Trustee anticipates that Special Counsel will render legal services and advice to her in connection with the Lawsuit and the matters related thereto including analysis of possible claims, discovery, pleadings, motion practice, trial, and settlement.

14.  Trustee wishes to retain Special Counsel because Trustee believes retaining Special Counsel in connection with the Lawsuit is in the best interests of the estates of the Santillis and Santilli Law.

**DISINTERESTEDNESS**

15.  To the best of Trustee's knowledge, information, and belief, and based upon the investigation described below, Special Counsel has not formally represented the Debtors in any judicial proceeding, and has no connection with Debtors' unsecured creditors, the United States Trustee for Region 11, his counsel, or any person employed in his office, or any other party in interest in this chapter 7 case or their respective attorneys.

16.  As set forth in the Indomenico Declaration, Special Counsel was retained by Frank A. Santilli prior to the filing of the Santillis Case to prosecute the Lawsuit. Special

Counsel has not formally represented Debtors in any judicial proceeding. In the course of his legal career, Special Counsel has received referrals from Mr. Santilli. In addition, Special Counsel contacted the Illinois Attorney Registration and Disciplinary Commission ("**ARDC**") informally on behalf of Mr. Santilli in connection with a complaint filed by the ARDC against Mr. Santilli. Special Counsel did not represent Mr. Santilli in that action.

17. To the extent this Court determines that the Contingency Fee Contract between Special Counsel and Mr. Santilli and/or Special Counsel's informal communications with the ARDC on behalf Mr. Santilli constitutes the "representation" of Mr. Santilli, then Trustee requests that this Court allow Trustee to retain Special Counsel pursuant to 11 U.S.C. § 327(e).

18. Pursuant to Section 327(e), the "trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

19. Here, Trustee seeks to employ Special Counsel only with respect to the Lawsuit, and believes that it is in the best interests of the estates to do so. As set forth in the Indomenico Declaration, Special Counsel does not represent or hold any interest adverse to the Debtors or to the estates with respect to the Lawsuit.

20. In connection with his proposed retention by Trustee in the Lawsuit, Special Counsel researched his client database (for a finite period in the past) to determine whether he has any relationships with any of the following entities:

    (a)    Debtors;

    (b)    All entities listed on Schedules E and F filed by the Santillis; and

    (c)    Professionals retained by Debtors' estates.

21. Based upon Special Counsel's research set forth above, Trustee believes that Special Counsel has no connection with Debtors' unsecured creditors, the United States Trustee for Region 11, his counsel, or any person employed in his office, or any other party in interest in this chapter 7 case or their respective attorneys.

## NOTICE

22. This Application has been filed electronically, and notice thereof will be provided electronically, via the Court's CM/ECF System, to (a) counsel for (i) the Debtors; and (ii) the United States Trustee; and (b) entities, or their counsel, who have filed a notice of appearance through the Court's CM/ECF System. Trustee asks the Court to find that such notice is sufficient and to approve the same under Fed. R. Bankr. P. 9006(c)(1) and 9007.

**WHEREFORE**, Trustee prays that an order be entered authorizing her to employ Sal Indomenico of the Law Offices of Sal Indomenico & Associates, P.C., to act as Trustee's Special Counsel on the terms set forth on Exhibit B, and granting Trustee such other relief as is just and equitable.

**DEBORAH K. EBNER**, Chapter 7 Trustee for Consolidated Estates of Frank A. Santilli, Monica D. Santilli, and Santilli Law Group, Ltd.

By: /s/ Thanhan Nguyen
      One of her attorneys

Lauren Beslow
Travis J. Eliason
Thanhan Nguyen
**QUARLES & BRADY LLP**
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000
(312) 715-5000